FILED

2013 AUG 16 P 3:51

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YAGOOZON, INC.
Plaintiff,

v.

FUN EXPRESS LLC
Defendant

C.A. No. 13- CA 13- 595 ML

**COMPLAINT**

Plaintiff, Yagoozon, Inc. brings this action against defendant, Fun Express LLC, for violations of the federal antitrust laws, seeking entry of judgment in their favor and award of compensatory damages, treble damages, interest, and attorneys' fees and costs.

**PARTIES**

1. Plaintiff, Yagoozon, Inc. is a corporation organized under the laws of Rhode Island, with a principal place of business in Warwick, Rhode Island.

2. Defendant, Fun Express LLC, is a limited liability company with a principal place of business in Omaha, Nebraska.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction under the Sherman Act, 15 U.S.C. §§ 1-7, the Robinson-Patman Act, 15 U.S.C. § 13, the Federal Trade Commission Act, 15 U.S.C. §§ 41-58, and the Clayton Act, 15 U.S.C. § 13

4. The defendant is properly subject to personal jurisdiction.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

6. Yagoozon is in the business of marketing children's toys, novelty items, and party goods on the internet.

7. Yagoozon has successfully marketed products utilizing Amazon as a platform to make sales. Because of its success, Yagoozon has become extremely competitive in the market.

8. Upon information and belief, the defendant is a subsidiary of parent corporation Oriental Trading Co.

9. Upon information and belief, Oriental Trading Co. is the nation's largest direct retailer of party goods.

10. In 2011 Yagoozon began purchasing products from the defendant.

11. Upon information and belief the defendant did not maintain or enforce a minimum advertised price ("MAP") policy at any relevant time.

12. In 2012 the defendant notified Yagoozon that it was not in compliance with its MAP policy because Yagoozon's pricing was not identical with Oriental Trading Co. in connection with a similar, but not identical, item offered by Oriental Trading Co.

13. Based on this alleged "violation" of a non-existent MAP policy, the defendant cancelled an order Yagoozon had placed and has refused to sell product to Yagoozon.

14. Upon information and belief, the defendant's requirement of minimum pricing and its refusal to deal with Yagoozon was intended to eliminate Yagoozon from the market for the benefit of itself and Oriental Trading Co., its parent.

15. The defendant has market power to affect the relevant market.

16. The defendant's requirement of minimum pricing and its refusal to deal with Yagoozon resulted in a reduction of competition in the relevant market.

17. The defendant's requirement of minimum pricing and its refusal to deal with Yagoozon provided no economic benefit and did nothing to enhance competition in the relevant market.

**COUNT I**
**(Violation of the Sherman Act, 15 U.S.C. § 1 *et seq.*)**

18. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 17 of this complaint.

19. Section 1 of the Sherman Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal . . ."

20. Defendant violated the Sherman Act when it fixed prices for its products.

21. Defendant violated the Sherman Act when it discriminated against Plaintiff.

22. Defendant violated the Sherman Act when it refused to deal with Plaintiff.

23. Defendant violated the Sherman Act when it terminated the distributorship with Plaintiff.

24. Defendant violated the Sherman Act when it conspired with Oriental Trading Co. to oust Plaintiff from the market for items produced by Defendant.

**COUNT II**
**(Violation of the Robinson-Patman Act, 15 U.S.C. § 13)**

25. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 24 of this complaint.

26. The Robinson-Patman Act makes it unlawful for persons engaged in commerce to discriminate in price between different purchasers of commodities, where such commodities are sold for use or resale, and where the effect of said discrimination is a restraint on competition.

27. The Robinson-Patman Act also makes it unlawful for persons engaged in commerce to discriminate against a purchaser of a commodity bought for resale with or without processing by contracting to furnish or furnishing, or by contributing to the furnishing of, any

services or facilities connected with the processing, handling, sale or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms.

28. Defendant violated the Robinson-Patman Act when it fixed prices for its products.

29. Defendant violated the Robinson-Patman Act when it discriminated against Plaintiff.

30. Defendant violated the Robinson-Patman Act when it refused to deal with Plaintiff.

31. Defendant violated the Robinson-Patman Act when it terminated the distributorship with Plaintiff.

32. Defendant violated the Robinson-Patman Act when it conspired with Oriental Trading Co. to oust Plaintiff from the market for items produced by Defendant.

**COUNT III**
**(Violation of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*)**

33. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 32 of this complaint.

34. The Federal Trade Commission Act states that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

35. Defendant violated the Federal Trade Commission Act when it fixed prices for its products.

36. Defendant violated the Federal Trade Commission Act when it discriminated against Plaintiff.

37. Defendant violated the Federal Trade Commission Act when it refused to deal with Plaintiff.

38. Defendant violated the Federal Trade Commission Act when it terminated the distributorship with Plaintiff.

39. Defendant violated the Federal Trade Commission Act when it conspired with Oriental Trading Co. to oust Plaintiff from the market for items produced by Defendant.

**COUNT IV**
**(Violation of the Clayton Act, 15 U.S.C. § 13)**

40. Plaintiff repeats and incorporates herein by reference the allegations of paragraphs 1 through 39 of this complaint.

41. The Clayton Act makes it "unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . ."

42. Defendant violated the Clayton Act when it fixed prices for its products.

43. Defendant violated the Clayton Act when it discriminated against Plaintiff.

44. Defendant violated the Clayton Act when it refused to deal with Plaintiff.

45. Defendant violated the Clayton Act when it terminated the distributorship with Plaintiff.

46. Defendant violated the Clayton Act when it conspired with Oriental Trading Co. to oust Plaintiff from the market for items produced by Defendant.

WHEREFORE, Plaintiff demand that judgment enter in their favor and that they be awarded compensatory damages, treble damages, interest, and attorney's fees and costs.

**JURY TRIAL**

Plaintiff demands a trial by jury.

YAGOOZON, INC.

By its Attorneys,

William E. O'Gara (#4257)
Rebecca M. McCormick (#8459)
PANNONE LOPES DEVEREAUX & WEST LLC
317 Iron Horse Way, Suite 301
Providence, RI 02908
(401) 824-5100
(401) 824-5123 (fax)

Dated: August 16, 2013