UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YAGOOZON, INC.,
        Plaintiff

     v.                                     C.A. No. 13-595-ML

FUN EXPRESS LLC,
        Defendant

**MEMORANDUM AND ORDER**

This matter is before the Court on the objection filed by the plaintiff, Yagoozon, Inc. ("Yagoozon"), to a Report and Recommendation ("R&R") issued by Magistrate Judge Almond on February 10, 2014. (Dkt. No. 13). In the R&R, Magistrate Judge Almond recommends that the motion to dismiss (Dkt. No. 9) asserted by the defendant, Fun Express LLC ("Fun Express"), be granted with regard to all claims. This Court has reviewed the R&R, Yagoozon's memorandum supporting its objection to Fun Express's motion, and Fun Express's response thereto. Because the Court finds no merit in Yagoozon's contentions, the Court adopts the R&R in its entirety. Accordingly, Fun Express's motion to dismiss the complaint is GRANTED and the complaint is DISMISSED.

**I. Standards of Review**

Pursuant to Fed.R.Civ.P. 72(b)(3), this Court must

1

"determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. Because a motion to dismiss a complaint is a dispositive motion, this Court reviews *de novo* the issues under objection. Fed.R.Civ.P. 72(b).

In considering a defendant's motion to dismiss the complaint, the Court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir.2011); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir.2009)(Court accepts "the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff."). However, "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements" must be isolated and ignored. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012); Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir.2012).

**II. Factual Background and Procedural History**

On August 16, 2013, Yagoozon, a corporation that markets children's toys, novelty items, and party goods on the internet,

2

brought a four-count complaint (the "Complaint") against Fun Express, asserting (Count I) violation of the Sherman Act, 15 U.S.C. § 1 *et seq.*; (Count II) violation of the Robinson-Patman Act, 15 U.S.C. § 13; (Count III) violation of the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.*; and (Count IV) violation of the Clayton Act, 15 U.S.C. § 13. In the Complaint, Yagoozon alleges that Fun Express "is a subsidiary of parent corporation Oriental Trading Co." Complaint ¶ 8.

According to Yagoozon, it began purchasing products from Fun Express in 2011, at which time Fun Express did not maintain or enforce a minimum advertised price ("MAP") policy. Complaint ¶¶ 10, 11. In the Complaint, Yagoozon alleged that, in 2012, it was notified by Fun Express that Yagoozon "was not in compliance with [Fun Express's] MAP policy because Yagoozon's pricing was not identical with Oriental Trading Co. in connection with a <u>similar, but not identical</u>, item offered by Oriental Trading Co." Complaint ¶ 12 (emphasis added). Yagoozon further alleged that Fun Express canceled Yagoozon's order and refused to sell product to Yagoozon, Complaint ¶ 13, an action that, according to Yagoozon, "was intended to eliminate Yagoozon from the market for the benefit of [Fun Express] and Oriental Trading Co., its parent." Complaint ¶ 14. Yagoozon asserts that Fun Express "is a subsidiary of parent corporation Oriental Trading Co. ... the

3

nation's largest direct retailer of party goods." Complaint ¶¶ 8, 9. This assertion is confirmed by Fun Express in its corporate disclosure statement, which states that Fun Express is wholly owned by Oriental Trading Company, Inc. (Dkt. No. 4).

On October 9, 2013, Fun Express filed a motion to dismiss the Complaint (Dkt. No. 9). Yagoozon filed a response in opposition on November 4, 2013 (Dkt. No. 11), to which Fun Express filed a reply on November 14, 2013 (Dkt. No. 12).

On February 10, 2014, Magistrate Judge Almond issued an R&R recommending that Yagoozon's claims be dismissed in their entirety. (Dkt. No. 13). Yagoozon filed a timely objection to the R&R (Dkt. No. 14), to which Fun Express filed a response (Dkt. No. 15).

## III. Discussion

At the outset, the Court notes that Yagoozon's objections to the R&R were limited to the alleged violations of Section 1 of the Sherman Act (Count I) and the Robinson-Patman Act (Count II[1]). Accordingly, any objections to the R&R with respect to Yagoozon's other claims are waived. Garayalde-Rijos v. Municipality of Carolina, —F.3d—, 2014 WL 1270607 at *5 (1st Cir. March 28, 2014)(citing Cortés-Rivera v. Dep't of Corr. &

---

[1] Yagozoon conceded at oral argument that the claims asserted under the Clayton Act in Count IV are essentially the same claims asserted in Count II.

4

Rehab. of P.R., 626 F.3d 21, 27 (1st Cir.2010) (quoting Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir.1998)); See Local Rule LR Cv 72(d)(1) (Failure to file specific objections and order the transcript in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.).

This Court finds no merit in Yagoozon's asserted objections to the R&R. Having considered Yagoozon's arguments and the reply of Fun Express, this Court finds the detailed analysis and conclusions made by Magistrate Judge Almond to be factually sound and legally correct.

Count I of the Complaint alleged that "[Fun Express] violated the Sherman Act when it conspired with Oriental Trading Co. to oust Plaintiff from the market for items produced by [Fun Express]." Complaint ¶ 24. Because Fun Express is a wholly-owned subsidiary of Oriental Trading Co., a conspiracy between the two is legally impossible. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 768–69, 104 S.Ct. 2731, 2740–41, 81 L.Ed.2d 628 (1984). Under Copperweld, a parent corporation and its wholly-owned subsidiaries are the same entities for antitrust purposes and their coordinated activity "must be viewed as that of a single enterprise for the purposes of § 1 of the Sherman Act." Id. at 771, 104 S.Ct. at 2741–42.

As noted in the R&R, Yagoozon has argued that Fun Express and Oriental Trading Co. <u>might</u> be merely "affiliated entities," but Yagoozon provided no supporting evidence, nor did it move to amend the Complaint. R&R at 5. In its objection to the R&R, Yagoozon again contends that "[t]he evidence <u>may</u> reveal that Fun Express and Oriental Trading have distinct interests or functions such that they are capable of conspiring for purposes of § 1 of the Sherman Act." Obj. to R&R at 6 (Dkt. No. 14-1) (emphasis added). Yagoozon also suggests that "Fun Express's bald assertion, without more, that it is the wholly-owned subsidiary of Oriental Trading" is insufficient to determine whether <u>Copperweld</u> applies. It is undisputable, however, that the parent-subsidiary relationship between the two entities was asserted by <u>Yagoozon</u> in the Complaint; that the relationship was confirmed by Fun Express in its submitted corporate disclosure statement; and that no evidence to the contrary has been offered by Yagoozon. Under those circumstances, Yagoozon's mere suggestion[2] that additional evidence <u>may</u> (or may not) reveal that Fun Express and Oriental Trading Co. may have a more complex relationship that falls outside the purview of <u>Copperweld</u> is the same argument

---

[2] As noted in the R&R, Yagoozon did not seek to amend its Complaint and formally allege that the relationship between Fun Express and Oriental Trading Co. was anything other than a standard parent-subsidiary relationship. R&R at 5.

previously raised before the Magistrate Judge and, as such, it is not sufficient to withstand Fun Express's motion to dismiss the Complaint.

Yagoozon's second objection relates to dismissal of the claim under the Robinson-Patman Act (Count IV). In the Complaint, Yagoozon alleged that Fun Express violated the Robinson-Patman Act when Fun Express (1) fixed prices for its products, Complaint ¶ 28; (2) discriminated against Yagoozon, id. at ¶ 29; (3) refused to deal with Yagoozon, id. at ¶ 30; (4) terminated the distributorship with Yagoozon, id. at ¶ 31; and (5) conspired with Oriental Trading Co. to oust Yagoozon from the market for items produced by Fun Express. Id. at ¶ 32.

Under Section 2(a) of the Robinson–Patman Act, it is

> unlawful for any person ... to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, ... where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination.... 15 U.S.C. §13(a);

See e.g., Coastal Fuels of Puerto Rico, Inc. v Caribbean Petroleum Corp., 79 F.3d 182, 188 (1st Cir. 1996). To make out a *prima facie* case, a plaintiff must allege a pair of sales at different prices to different purchasers. Id. (citing Falls City Indus., Inc. v. Vanco Beverage, Inc., 460 U.S. 428, 444 n. 10,

103 S.Ct. 1282, 1293 n. 10, 75 L.Ed.2d 174 (1983); FTC v. Anheuser-Busch, Inc., 363 U.S. 536, 549, 80 S.Ct. 1267, 1274, 4 L.Ed.2d 1385 (1960)). No such contention is made in the Complaint. Instead, Yagoozon alleged that it received notification from Fun Express that Yagoozon "was not in compliance with its MAP policy because Yagoozon's pricing was not identical with Oriental Trading Co. in connection with a similar, but not identical, item offered by Oriental Trading Co." Complaint at ¶ 12.

In considering a 12(b)(6) motion to dismiss, the Court ordinarily does not look beyond the four corners of the Complaint to determine whether a plaintiff has met the requirement for stating a *prima facie* case. Young v. Lepone, 305 F.3d 1, 10-11 (1st Cir. 2002). Because the allegations in the Complaint are insufficient to support a claim for a Robinson-Patman Act violation, the Magistrate Judge correctly concluded that Counts II and IV of the Complaint could not withstand Fun Express's motion to dismiss.

Moreover, even if Yagoozon included an allegation that Fun Express was selling the identical product to Oriental Trading at a lower price, the corporate relationship between Fun Express and Oriental Trading precludes a Robinson-Patman Act claim. See Security Tire & Rubber Co. v. Gates Rubber Co., 598 F.2d 962, 966

8

(5th Cir.), *cert. denied*, 444 U.S. 942 (1979)(holding that transfers between parent company and wholly owned subsidiary cannot provide basis for Robinson-Patman Act Claim); Khoury v. Getty Petroleum Corp., Civ. A. No. 93-0216T, 1993 WL 622968 (D.R.I. Dec. 3, 1993)(listing cases following the holding in Security Tire).

**IV. Conclusion**

For the reasons stated herein, the R&R of Magistrate Judge Almond is adopted in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, Fun Express's motion to dismiss the complaint is GRANTED. The Clerk is directed to enter judgment in favor of Fun Express LLC.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

May 14, 2014